UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------------------x
In Re:                                                       CHAPTER 11

WILLIAM VASSELL SERVICES, INC.                CASE NO. 15-36256 CGM

                                  **Debtor.**
-------------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES AND SALARIES**

TO:    THE HONORABLE CECELIA G. MORRIS
       CHIEF UNITED STATES BANKRUPTCY JUDGE

The application of William Vassell Services, Inc. respectfully submits as follows:

1.   On March 3, 2015 William Vassell Services, Inc. , (hereinafter "Debtor") filed a petition under Chapter 11 of the Bankruptcy Code. Since that date, William Vassell Services, Inc. has conducted its business affairs as a debtor-in-possession.

2.   No creditors committee, Trustee or examiner has been appointed.

3.   The debtor operates a security guard service.

4.   The Chapter 11 filing was necessitated for reasons more fully set forth in the Local Rule 1007-2 Affidavit filed concurrently with the Chapter 11 petition.

5.   At the time of the filing of the instant Chapter 11 petition, the debtor employed one hundred sixty five (165) employees, five (5) of whom are salaried, the rest of whom are paid hourly. Said employees rely heavily on their income from the debtor to meet their own personal and financial needs. The debtor's ability to operate successfully and, ultimately confirm a plan, requires the dedication and cooperation of its employees. Thus, it is of paramount importance that the debtor maintain the employees' good will at this crucial time in its

rehabilitation efforts.

6. By this application, the debtor seeks authority to pay to the employees the following compensation:

   a. Wages and salaries (including holiday pay, sick leave ay, contributions to all federal, state and local payroll taxes, deductions and withholdings relating thereto) accrued within the pay period immediately prior to the date this Chapter 11 case was filed.

7. The compensation owed by the debtor for wages, salaries and commissions does not exceed $11,000.00 per individual. Said sum is significant insasmuch as that constitutes a limitation mandated by 11 U.S.C. Section 507(a)(4) which grants a priority claim to:

   "allow unsecured claims, but only to the extent of $12,475.00 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition of the date of the cessation of the debtor's business, whichever occurs first, for.
   A. Wages, salaries or commission, including vacation, severance and sick leave pay earned by an individual; or
   B. Sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75% of the amount that the individual or corporations earned by acting as an independent contractor in the sale of goods and services was earned from the debtor."

9. The debtor seeks the authority to pay the compensation to the employees to avoid any disruption in the debtor's relationship with them. It is respectfully submitted that any delay in paying the compensation will irreparably impair their morale at the very time when their dedication, confidence and cooperation is critical. It is essential for the success of this chapter 11 case that the debtor maintain the goodwill and confidence of the employees. The total unpaid pre-petition payroll is $79,000.00+.

10. It cannot be overemphasized that the employees will be charged with the task of applying their full time and energies to operating the debtor's security guard business. It is clearly in

the best interests of the debtor and its creditors that the filing of the Chapter 11 petition not destroy the debtor's relationship with its employees at this critical juncture. Thus, payment of the compensation is mandated at the earliest possible time.

11. The debtor seeks authority to pay the wages of the individuals as set forth on Exhibit A annexed hereto. Said wages were earned for the period June 21, 2015 through July 4, 2015 and to be paid on July 10, 2015, and wages earned to the date of the Court hearing.

WHEREFORE, the debtor respectfully requests the entry of the annexed Order, together with such other and further relief as to this Court may seem just and proper.

Dated: Poughkeepsie, New York
       July 8 2015

*/s/ Lewis D. Wrobel*
LEWIS D. WROBEL, ESQ.
Attorney for William Vassell Services, Inc.
201 South Avenue, Suite 506
Poughkeepsie, NY 12601
Phone: 845-473-5411
Fax: 845-473-3430
E-mail: lewiswrobel@verizon.net